UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMY JAY EUGENE JOSEPH REID,<br>Plaintiff,<br>v.<br>STANISLAUS COUNTY PUBLIC SAFETY CENTER,<br>Defendant. | No. 2:25-cv-3329 CSK P<br><br>ORDER |

Plaintiff is a county jail inmate proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These

payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

As discussed below, plaintiff's complaint is dismissed with leave to amend.

I. SCREENING STANDARDS

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the

defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

A. The Civil Rights Act

To state a claim under § 1983, a plaintiff must demonstrate: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). The requisite causal connection between a supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be established in a number of ways, including by demonstrating that a supervisor's own culpable action or inaction in the training, supervision, or control of his subordinates was a cause of plaintiff's injury. Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011).

## II. PLAINTIFF'S COMPLAINT

In his first claim, plaintiff alleges that the Stanislaus County Public Safety Center violates state law by not providing prisoners with adequate law libraries or legal assistance. (ECF No. 1 at 3.) Plaintiff states there is no notary to authenticate legal documents, no place for prisoners to assist one another in preparing legal work, and no physical access to law libraries. (Id.) Plaintiff claims that some minimum security housing units have tablets, but time is limited and no legal assistance is provided. In addition, the facility does not provide photocopies of legal documents,

no pens or pen fillers are allowed, and there is no access to typewriters. (Id.)

In his second claim, plaintiff alleges that the defendant facility has no legal mail log, and states legal mail is at times lost or sent to the wrong cell. (Id. at 3.)

In his third claim, plaintiff cites discrimination and retaliation, and states he was retaliated against for exercising his constitutional rights. Plaintiff claims he was punished by the classification sergeant for filing a grievance. (Id. at 5.)

Plaintiff names the Stanislaus County Public Safety Center as the sole defendant. Among other things, plaintiff seeks money damages.

III. DISCUSSION

As set forth in the above standards, plaintiff must identify the violation of a federal law or the constitution. Violations of state law are insufficient to state a civil rights claim. In addition, plaintiff must name the individual responsible for depriving plaintiff of those rights. For example, in his third claim, plaintiff states a classification sergeant retaliated against plaintiff. Plaintiff must provide that individual's name if plaintiff wishes to pursue an action against him or her.

A. First Amendment Access to the Courts (Claims One and Two)

Plaintiff's first two claims involve access to the courts, and his allegations implicate his First Amendment rights.[1]

The right of meaningful access to the courts prohibits state officials from actively interfering with inmates' attempts to prepare or file legal documents. Lewis v. Casey, 518 U.S. 343, 350 (1996). However, the right "guarantees no particular [means to assist inmates in the preparation and filing of legal papers] but rather the conferral of a capability -- the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." Id. at 356-57.

To establish that he was denied meaningful access to the courts, a plaintiff must submit

---

[1] In his first claim, plaintiff alleges a violation of his Fourteenth Amendment due process rights. (Id. at 3.) However, plaintiff's allegations are governed by the First Amendment, not the Fourteenth Amendment.

evidence showing that he suffered an "actual injury" as a result of the defendants' actions. Id. at 348. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." Id. at 348. To show actual injury with respect to contemplated litigation, the plaintiff must demonstrate that the conduct of the defendants prevented him from bringing to court a nonfrivolous claim that he wished to present. Id. at 352-53. That nonfrivolous claim must be a direct or collateral attack on the inmate's sentence, or a challenge to the conditions of his confinement. Id. at 355. "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." Id. (emphasis in original).

Where an inmate asserts a backward-looking denial of access claim -- for example, seeking a remedy for a lost opportunity to present a legal claim -- the inmate must show: 1) the loss of a "nonfrivolous" or "arguable" underlying claim; 2) the official acts frustrating the litigation; and 3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit. See Christopher v. Harbury, 536 U.S. 403, 413-14 (2002).

Plaintiff's generalized allegations as to the insufficiency of the legal resources do not state a cognizable civil rights claim. In order to state a cognizable First Amendment claim based on access to the courts, plaintiff must identify an actual injury he sustained as a result.

B. Retaliation (Claim Three)

Plaintiff alleges he was retaliated against for filing a grievance.[2] (ECF No. 1 at 5.)

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). A viable retaliation claim in the prison context has five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68

[2] Plaintiff also references "discrimination," but he provides no facts supporting such a cause of action. (Id.)

(9th Cir. 2005).

Plaintiff's allegations are too vague and conclusory to state a retaliation claim. Plaintiff does not identify the adverse action that the classification sergeant took. Plaintiff must also allege facts showing a nexus between his protected conduct and the alleged retaliatory act. See Brodheim, 584 F.3d at 1271 (a plaintiff must show that his protected conduct was the substantial or motivating factor behind the defendant's conduct). Plaintiff's speculation and conclusion that a defendant's conduct was motivated by a desire to retaliate does not suffice to state a claim. See Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995) (noting that plaintiff's "sheer speculation" that defendants had knowledge of his protected conduct was insufficient to show retaliatory intent); Frazier v. Dubois, 922 F.2d 560, 562 n.1 (10th Cir. 1990) ("Mere allegations of constitutional retaliation will not suffice; plaintiffs must rather allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights."). Plaintiff must allege facts that address all five elements under Rhodes, 408 F.3d at 567-68.

C. Misjoinder

Finally, plaintiff's claims are not properly raised in the same action. Rule 21 of the Federal Rules of Civil Procedure provides:

> Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

Fed. R. Civ. P. 21. Rule 20(a) provides that all persons may be joined in one action as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2); see also George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against unrelated defendants belong in different suits"). If unrelated claims are improperly joined, the court may dismiss them without prejudice. Fed. R. Civ. P. 21; 7 Alan Wright, Arthur Miller & Mary Kay Kane, Richard Marcus, Federal Practice and Procedure § 1684 (3d ed. 2012); Michaels Building Co. v. Ameritrust Co., 848 F.2d 674, 682 (6th Cir. 1988) (affirming dismissing under Rule 21 of certain defendants where claims against those defendants did not arise out of the same

transaction or occurrences, as required by Rule 20(a)). Here, plaintiff's claims arose from two different incidents and appear to involve different defendants, and therefore are not properly joined in one action.

Because the instant complaint fails to state a cognizable civil rights claim, plaintiff must decide which claim he wishes to pursue in this action.

IV. LEAVE TO AMEND

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court determines that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. However, the court grants plaintiff leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. See e.g., West, 487 U.S. at 48. Also, the complaint must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. Cnty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint

supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

V. CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 8) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Sheriff of Stanislaus County filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

a. The completed Notice of Amendment; and

b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: August 11, 2026

Chi Soo Kim

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/reid3329.14n

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TOMMY JAY EUGENE JOSEPH REID,

Plaintiff,

v.

STANISLAUS COUNTY PUBLIC SAFETY CENTER,

Defendant.

No. 2:25-cv-3329 CSK P

NOTICE OF AMENDMENT

Plaintiff submits the following document in compliance with the court's order filed on _______________ (date).

☐ Amended Complaint

(Check this box if submitting an Amended Complaint)

DATED:

___________________________________
Plaintiff